NOT DESIGNATED FOR PUBLICATION

No. 122,985

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHIANN E. MARKRUM,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WILLIAM S. WOOLLEY, judge. Opinion filed April 23, 2021. Appeal dismissed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before POWELL, P.J., GREEN and HILL, JJ.

PER CURIAM: Shiann E. Markrum appeals from the revocation of her probation. We granted Markrum's motion for summary disposition in lieu of briefs as stated under Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). The State responded to this motion for summary disposition and asked this court to affirm the revocation of Markrum's probation. Concluding that no remedy is available, we dismiss her appeal.

For crimes committed on January 18, 2018, Markrum pleaded guilty to one count of possession of methamphetamine in violation of K.S.A. 2017 Supp. 21-5706. The district court sentenced her to 18 months' probation with an underlying prison sentence of 18 months. At a hearing in June 2020, Markrum stipulated to the following probation

1

violations: testing positive for methamphetamine on a urinalysis, failing to report a change of address, failing to report a change of employment, and failing to report to her probation supervisor. Markrum asked the court to order a sanction and reinstate her probation. Alternatively, Markrum requested a reduced prison sentence.

The district court revoked probation and sentenced Markrum to a reduced prison sentence of 15 months, followed by 12 months of postrelease supervision. The journal entry awarded jail credit of 257 days. Markrum appealed her probation revocation and imposition of her sentence, filing the notice of appeal on the same day as her sentencing hearing. Now, Markrum has served the prison sentence and is serving the required term of postrelease supervision.

Markrum argues that the district court erred by revoking probation, but her motion for summary disposition concedes that a remedy is not available. Even if this court were to rule that the district court erred in revoking Markrum's probation and remanded for resentencing, the district court could not impose probation because Markrum has served her underlying sentence. See *State v. Kinder*, 307 Kan. 237, 243, 408 P.3d 114 (2018) (holding that probation may not be reinstated once the defendant has served the underlying sentence). Further, a term of postrelease supervision after the prison term is required by statute and the duration of postrelease supervision is set by statute. See K.S.A. 2020 Supp. 22-3717(d)(1)(C); *State v. Gaudina*, 284 Kan. 354, 368, 160 P.3d 854 (2007). The district court could not provide relief from postrelease supervision if this court remanded for resentencing.

For the preceding reasons, we dismiss this appeal.

Appeal dismissed.